T.C. Memo. 1996-134

UNITED STATES TAX COURT

WILLIAM JAMES COURVILLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21432-94.                    Filed March 18, 1996.

William James Courville, pro se.

<u>James A. Whitten</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency of $2,704 in petitioner's
Federal income tax, and an accuracy-related penalty of $541 under

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

section 6662(a) for negligence or disregard of rules or regulations for petitioner's 1991 tax year.

The issues for decision are: (1) Whether a golfing activity of petitioner was an activity not engaged in for profit under section 183(a), and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Sunnyvale, California.

Petitioner has had a life-long goal of becoming a professional golfer. He has been playing golf since he was 13 years old, and has had a "5" handicap since age 20. As an amateur golfer, petitioner won six of his local club championships. He did not receive any prize money for winning these championships.

Petitioner was employed as an optical engineer for over 30 years. When he was laid off by his employer, Lockheed Missiles & Space, in May 1991 as a result of Department of Defense downsizing, petitioner decided to exclusively devote his time to pursuing his goal of becoming a professional golfer. Petitioner ceased all activities as an amateur golfer.

In order to qualify to participate as a professional in a Professional Golf Association (PGA) sponsored tournament in

petitioner's age group, the "Seniors", a golfer is required to either qualify through a "qualifying school", where golfers compete for a tour card; by qualifying for individual tournaments; or have a track record from the PGA tour indicating that the golfer is a constant performer. Each year, only 8 golfers out of approximately 330 qualify in the qualifying school, and only 4 golfers out of over 100 qualify for an individual tournament. There is no licensing required to become a professional golfer.

Sometime in 1991, petitioner attempted to qualify in a "qualifying school" but did not rank well. Thereafter, he decided to devote his efforts to qualifying in individual tournaments. Petitioner is required to pay an entrance fee in every tournament for which he attempts to qualify. To date, petitioner has failed to qualify in any of the tournaments in which he has entered. The best petitioner has done in these tournaments is to qualify as an alternate. In an attempt to improve his skills, petitioner took four golf lessons from players he met at the qualifying tournaments. He also saw a psychiatrist because his "golfing ability is not what's had trouble; it's my thought process that's a problem."

In July 1995, petitioner became a golf instructor, with the intent of earning sufficient income to finance his continuing efforts in qualifying for, and joining, the PGA Seniors tour.

Petitioner teaches golf 3 days a week.  When he is not teaching, and on his days off, petitioner practices and plays golf.

On Schedule C, Profit or Loss from Business, filed with his 1991 Federal income tax return, petitioner reported the income and expenses of his golfing activity.  He reported gross income of zero and $16,384 expenses.  After 1991, petitioner did not file a Schedule C for his golfing activity.  Petitioner's explanation for not filing Schedule C's for his golfing activity after 1991 is as follows: "I had no [wage or Schedule C] income, so how could I write off my expenses against no income?"  Petitioner has kept no formal books or records.  He did keep a sheet titled "Tax Info" that listed his golfing expenses for 1991, but the amount of the expenses claimed on Schedule C does not correspond with the amounts listed on the sheet.  Petitioner also kept certain receipts for expenditures relating to his golfing activity.

In the notice of deficiency, respondent determined that petitioner was not engaged in his golfing activity for profit within the meaning of section 183 and disallowed the loss for 1991.  In the alternative, respondent determined that, if petitioner was engaged in his golfing activity for profit, then the expenses incurred by petitioner constitute start-up costs under section 195.

Section 183(a) provides generally that, if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed. Section 183(b)(1), however, provides that deductions that are allowable without regard to whether the activity is engaged in for profit shall be allowed. Section 183(b)(2) further provides that deductions that would be allowable only if the activity were engaged in for profit shall be allowed, "but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of" section 183(b)(1).

Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." We inquire whether the taxpayer is engaged in the activity with the "actual and honest objective of making a profit". Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's expectation of profit need not be a reasonable one, but there must be a good faith objective of making a profit. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. The determination of whether the requisite profit objective exists is to be resolved on the basis of all the surrounding facts and circumstances of the case. Golanty v.

Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of his intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. The taxpayer has the burden of proving the requisite intention and that respondent's determination that the activities were not engaged in for profit is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Although the question of the taxpayer's profit motive is a subjective one, objective indicia may be considered to establish the taxpayer's true intent. Sec. 1.183-2(a), Income Tax Regs. Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine objective factors to be considered when ascertaining a taxpayer's intent. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation involved in

the activity.  These factors are not merely a counting device where the number of factors for or against the taxpayer is determinative, but rather all facts and circumstances must be taken into account, and more weight may be given to some factors than to others.  Cf. Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980).  Not all factors are applicable in every case, and no one factor is controlling. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Allen v. Commissioner, 72 T.C. 28, 34 (1979); sec. 1.183-2(b), Income Tax. Regs.

Petitioner has been playing golf since he was 13 years old and clearly gains personal pleasure in the game.  While petitioner participated in numerous tournaments as an amateur golfer, with some success, prior to engaging in his golfing activity in 1991, he never worked in any capacity as a professional golfer.  Petitioner appears to have spent a significant amount of time and effort in carrying on his golfing activity.  However, this time and effort has been without much success both from a professional and a financial standpoint.  To date, petitioner has failed to qualify to participate in any PGA sponsored tournament.  Despite his lack of success in qualifying for any tournament, petitioner has only taken four golf lessons to improve his skills since engaging in the activity.

Petitioner has failed to earn any income from his golfing activity since its commencement in 1991. At trial, petitioner stated that it was unknown to him when he would earn sufficient income as a professional golfer to sustain the expenses from his activity. Since July 1995, petitioner has been giving golf lessons as a means of earning income to finance his golfing activity. It appears the only reason petitioner has not claimed Schedule C losses since 1991 is that he had no other income against which he could deduct the expenses of his activity. Petitioner did not keep regular books and records of his golfing activity.

After considering all of the facts and circumstances, the Court concludes that petitioner failed to carry the burden of establishing that his golfing activity was carried on with the actual and honest objective of making a profit. See the similar case of Heywood v. Commissioner, T.C. Memo. 1994-575. Accordingly, respondent is sustained on this issue.

The next issue is whether petitioner is liable for the penalty under section 6662(a) for negligence or disregard of rules or regulations. In pertinent part, section 6662 imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a), (c). Section 6662(c) defines "negligence" as including any failure to make a

reasonable attempt to comply with the provisions of the Internal Revenue Code and defines "disregard" as including any careless, reckless, or intentional disregard.  However, under section 6664(c), the penalty under section 6662(a) shall not be imposed with respect to any portion of the underpayment if it is shown that there was reasonable cause for the underpayment, and the taxpayer acted in good faith.

Petitioner failed to present any evidence to show reasonable cause why he should not be held liable for the penalty under section 6662(a).  Moreover, the record shows that petitioner's activity was far from being a for-profit activity, and petitioner was negligent in claiming a substantial loss from that activity. Accordingly, respondent is also sustained on this issue.

Decision will be entered

for respondent.